| | |
|---|---|
| UNITED STATES DISTRICT COURT | ) |
| SOUTHERN DISTRICT OF NEW YORK | ) **COMPLAINT** |
| -----------------------------------------------------------------------x | ) |
| ESCAMILLA GARCIA, | ) **Docket #:** _____ |
| Plaintiff, | ) |
| | ) |
| - against - | ) |
| | ) |
| K&G FISH CORP. and CHESKEL KOHN, individually | ) |
| and as Chief Executive Officer of K&G FISH CORP. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| -----------------------------------------------------------------------x | ) |
| | ) |

Plaintiff, ESCAMILLA GARCIA, by their attorneys, EZRA B. GLASER & ASSOCIATES, complaining of the defendants herein upon information and belief, respectfully shows to this Court, and alleges as follows:

## NATURE OF THE ACTION

1. This is an action to recover damages for labor law violations and discrimination on the basis of national origin in the terms, conditions, and privileges of employment under Title VII of Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e et seq.; the Fair Labor Standards Act, as amended, 29 U.S.C. § 207, 29 CFR § 785.18; the New York Executive Law, § 296; the New York Labor Law, § 195, § 198; and the New York Codes, Rules, and Regulations, Tit. 12, § 146-1.4, § 142-2.2.

## VENUE AND JURISDICTION

2. This Court has original federal jurisdiction under 28 U.S.C. § 1331, as this case is being brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same

case or controversy under Article III of the United States Constitution.

3.  Jurisdiction in this matter is present as the Plaintiff, ESCAMILLA GARCIA, is a resident of the City and State of New York.

4.  Jurisdiction in this matter is further present, as the Defendant, K&G FISH CORP., is incorporated in the State of New York and the aforesaid Defendant corporation and its owner, CHESKEL KOHN, regularly conduct business within the State of New York.

5.  Venue in this matter is proper in this District because the Defendants conduct business within this District, and the acts and/or omissions claimed herein alleged took place within this District.

## PREREQUISITES

6.  Plaintiff ESCAMILLA GARCIA filed a charge of discrimination with the United States Equal Opportunity Employment Commission (hereinafter, "EEOC") on or about October 25, 2024, which was accepted for filing and investigation under Case No. 520-2025-00606.

7.  On or about October 31, 2024, the EEOC issued a Notice of Right to Sue ("Right-to-sue Letter') which permitted Plaintiff ESCAMILLA GARCIA to file a civil action within Ninety (90) days of receipt thereof.

## PARTIES

8.  The Defendant, K&G FISH CORP., is a New York corporation that owns and operates The Fishery, a Fish Market located at 59 Route 59, Monsey, NY 10952 and 6709 11th Avenue Brooklyn, NY 11219.

9.  The Defendant, CHESKEL KOHN, is the Chief Executive Officer of the Defendant, K&G FISH CORP, who owns and operates the aforesaid corporate Defendant, K&G FISH CORP.

2

10. The Defendant, CHESKEL KOHN, exercises sufficient control of corporate Defendant K&G FISH CORP.'s day-to-day operations to be considered an employer of the employees, agents, and/or servants of the corporate Defendant, K&G FISH CORP., including the Plaintiff, ESCAMILLA GARCIA, under federal and state law.

11. The Defendant, CHESKEL KOHN, as the Chief Executive Officer of K&G FISH CORP., has the power to hire and fire the employees, agents, and/or servants of the corporate Defendant, K&G FISH CORP., and to control the conditions of their employment, including the Plaintiff, ESCAMILLA GARCIA.

12. The Defendant, CHESKEL KOHN, as the Chief Executive Officer of K&G FISH CORP., controls schedules and rates of pay of the employees, agents, and/or servants of the corporate Defendant, K&G FISH CORP., including the Plaintiff, ESCAMILLA GARCIA.

13. The Defendant, CHESKEL KOHN, actually participated in, and aided and abetted, the conduct giving rise to the discrimination claims set forth.

14. The Plaintiff, ESCAMILLA GARCIA, was employed by the corporate Defendant, K&G FISH CORP., from about 2006 to October 30, 2022.

15. The Plaintiff, ESCAMILLA GARCIA, was and still is a resident of the state of New York.

16. The Plaintiff, ESCAMILLA GARCIA, is of Mexican national origin.

17. At all relevant times, the Plaintiff, ESCAMILLA GARCIA, was an "employee" entitled to protection within the meaning of federal and state law.

18. This action arises out of Defendants' wrongful, illegal, and tortious conduct within the State of New York.

**FACTS**

19. At all relevant times, the Defendants, K&G FISH CORP. and CHESKEL KOHN, regularly discriminated against the Plaintiff, ESCAMILLA GARCIA, on the basis of national origin.

20. The Defendants, K&G FISH CORP. and CHESKEL KOHN, knew that discriminating against the Plaintiff, ESCAMILLA GARCIA, on the basis of national origin violated federal and state laws.

21. At all relevant times, the Plaintiff, ESCAMILLA GARCIA, as employee of the Defendants, K&G FISH CORP. and CHESKEL KOHN, did not regularly receive one and one-half times their regular rate for hours worked in excess of forty (40) hours per week.

22. The Defendants, K&G FISH CORP. and CHESKEL KOHN, knew that nonpayment of an overtime premium would economically injure the Plaintiff, ESCAMILLA GARCIA, and violated federal and state laws.

23. At all relevant times, the Plaintiff, ESCAMILLA GARCIA, as employee of the Defendants, K&G FISH CORP. and CHESKEL KOHN, did not receive a written notice and acknowledgement of their overtime pay rate.

24. The Defendants, K&G FISH CORP. and CHESKEL KOHN, knew that failing to provide the Plaintiff, ESCAMILLA GARCIA, with a written notice and acknowledgement of their overtime pay rate violated state laws.

25. At all relevant times, the Plaintiff, ESCAMILLA GARCIA, as an employee of the Defendants, K&G FISH CORP. and CHESKEL KOHN, did not have their meal breaks of a thirty (30) minute duration counted as hours worked.

26. The Defendants, K&G FISH CORP. and CHESKEL KOHN, knew that failure to count meal breaks of a thirty (30) minute duration as hours worked would economically injure

4

the Plaintiff, ESCAMILLA GARCIA, and violated federal laws.

27. The Defendants, K&G FISH CORP. and CHESKEL KOHN, committed the acts alleged in this complaint, knowingly, intentionally, and willfully.

**FIRST CAUSE OF ACTION**
*Discrimination Based on National Origin*
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.)**
**(N.Y. Executive Law § 296)**

28. The Plaintiff, ESCAMILLA GARCIA, repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. At all relevant times, the Defendants, K&G FISH CORP. and CHESKEL KOHN, were employers of the Plaintiff, and, upon information and belief, had fifteen (15) or more employees and were thus required to abide by the laws and requirements of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

30. At all relevant times, the Defendants, K&G FISH CORP. and CHESKEL KOHN, treated the Plaintiff, ESCAMILLA GARCIA, differently than other employees by having Mexican employees, including said Plaintiff, regularly work in in extreme and inhumane conditions with other employees of Mexican origin, which differed from Jewish and non-Mexican employees who worked in separate areas of the Defendants' enterprise, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, as well as New York Executive Law § 296, which prohibit discrimination based on national origin.

31. At all relevant times, the Defendants, K&G FISH CORP. and CHESKEL KOHN, also treated the Plaintiff, ESCAMILLA GARCIA, differently by verbally chastising and criticizing their work for innocuous mistakes while never screaming or humiliating their Jewish and Non-Mexican employees in front of other people, in violation of Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, as well as New York Executive Law § 296, which prohibit discrimination based on national origin.

32. As a result of Defendants K&G FISH CORP. and CHESKEL KOHN's willful and unlawful conduct, the Plaintiff, ESCAMILLA GARCIA, is entitled to an award of damages, including liquidated damages, in the amount of One Hundred Thousand Dollars ($100,000), pre- and post-judgement interest, costs, and attorneys' fees, as provided by the N.Y. Lab. Law § 663 in the First Cause of Action.

## SECOND CAUSE OF ACTION
### *Overtime and Notice Violations*
**(29 U.S.C. § 207)**
**(N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4, § 142-2.2)**
**(N.Y. Labor Law § 195, § 198)**

33. The Plaintiff, ESCAMILLA GARCIA, repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. It is unlawful under federal and New York law for an employer to permit a non-exempt employee to work in excess of forty (40) hours in a workweek unless said employee receives compensation at a rate not less than one and one-half times their regular rate for the hours worked in excess of said forty (40) hours.

35. It is unlawful under New York law for an employer to not provide a written notice containing an overtime rate of pay.

36. The Defendants, K&G FISH CORP. and CHESKEL KOHN, willfully, regularly, and repeatedly failed to pay the Plaintiff, ESCAMILLA GARCIA, at the required overtime rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207 and N.Y. Comp. Codes R. & Regs. Tit. 12,

§ 146-1.4 and § 142-2.2.

37. The Defendants, K&G FISH CORP. and CHESKEL KOHN, willfully, regularly, and repeatedly failed to provide the Plaintiff, ESCAMILLA GARCIA, with a written notice containing an overtime rate of pay, in violation of N.Y. Labor Law § 195 and § 198.

38. As a result of Defendants K&G FISH CORP. and CHESKEL KOHN's willful and unlawful conduct, the Plaintiff, ESCAMILLA GARCIA, is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgement interest, costs, and attorneys' fees, as provided by the N.Y. Lab. Law § 663 in the Second Cause of Action.

## THIRD CAUSE OF ACTION
### (New York State Time Allowed for Meals Violations)
### (N.Y. Lab. L. § 162)

39. The Plaintiff, ESCAMILLA GARCIA, repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. It is unlawful under New York law for an employer to deny a non-factory employee a 30-minute meal break if the employee's work shift is more than six hours long and extends over the noon day meal period.

41. The Defendants, K&G FISH CORP. and CHESKEL KOHN, as an owner and operator of the Defendant, K&G FISH CORP., willfully and regularly denied the aforesaid Plaintiff, ESCAMILLA GARCIA 30-minute meal breaks when the Plaintiff's work shift was more than six hours long and extended over the noon day meal period, in violation of the N.Y. Lab. Law § 162.

42. As a result of Defendants K&G FISH CORP. and CHESKEL KOHN willful and unlawful

conduct, the Plaintiff, ESCAMILLA GARCIA, is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgement interest, costs, and attorneys' fees, as provided by the N.Y. Lab. Law § 663 in the Third Cause of Action.

### FOURTH CAUSE OF ACTION
### (NY Religious Freedom Act)
### (NY Executive Law §§ 290 "Human Rights Law")

43. The Plaintiff, ESCAMILLA GARCIA, repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. By virtue of the acts complained of herein, Defendants discriminated against Plaintiff based upon their religion, in violation of NYSHRL and the NY Religious Freedom Act.

45. At all relevant times, the Defendants, K&G FISH CORP. and CHESKEL KOHN, willfully, regularly, and repeatedly failed to allow Plaintiff ESCAMILLA GARCIA days off for religious observance for Christian holidays while Jewish employees were given time-off for religious holidays.

46. At all relevant times, the Defendants, K&G FISH CORP. and CHESKEL KOHN, willfully, regularly, and repeatedly failed to pay Plaintiff ESCAMILLA GARCIA for Christian holidays but did pay Jewish employees for time-off due to religious observance.

47. The Plaintiff, ESCAMILLA GARCIA, seeks damages in the amount of Fifty Thousand Dollars ($50,000) for NY Religious Freedom Act and NY Human rights law violations and for attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper in the Fourth Cause of Action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, ESCAMILLA GARCIA, prays for relief as follows:

A.  An award of damages, according to proof, including liquidated damages, to be paid

   by the Defendants;

B.  Penalties available under applicable laws;

C.  Costs of action incurred herein, including expert fees;

D.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and

   other applicable statutes;

E.  Pre-judgement and post-judgement interest, as provided by law; and

F.  Such other and further legal and equitable relief as this Court deems necessary, just,

   and proper.

DATED:      Brooklyn, New York
            January 28, 2025

                        Yours, etc.

            BY:     EZRA B. GLASER
                    EZRA B. GLASER & ASSOCIATES
                    *Attorneys for the Plaintiff*
                    **ESCAMILLA GARCIA**
                    3021 Fort Hamilton Parkway, Suite 1R
                    Brooklyn, New York 11218
                    Phone: (212) 385-9300